**BRIAN D. SHAPIRO**
Trustee in Bankruptcy
228 S. 4th Street, Ste. 300
Las Vegas, NV 89101
(702) 386-8600 Fax (702) 383-0994
trustee@trusteeshapiro.com

E-filed: April 16, 2013

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| In Re: | Chapter 7 |
|---|---|
| GILBERTT A. SAENZ<br>ARACELY SAENZ,<br><br>Debtor(s). | Case No. 13-10824-LBR<br><br>**TRUSTEE'S OBJECTION TO EXEMPTION AND MOTION TO COMPEL TURNOVER OF NON-EXEMPT ASSETS**<br><br>Hearing Date: May 16, 2013<br>Hearing Time: 11:00 a.m. |

BRIAN D. SHAPIRO, Chapter 7 Trustee ("Trustee") in the above-styled Bankruptcy Case, hereby objects to the value of Debtors' exemption in "Checking Account: Regular Checking - 0254" as such exemption is not properly calculated. The Trustee requests this Court to order Gilbertt A. Saenz and Aracely Saenz ("Debtors") to turnover the resulting non-exempt portion of the Checking Account: Regular Checking – 0254. The Trustee additionally requests this Court to order Gilbertt A. Saenz and Aracely Saenz ("Debtors") to turn over the following non-exempt assets: 1) Individual Brokerage with Fidelity, 2) Fidelity IGT Restricted Stock Unit Plan, and 3) 2009 Carson Car Hauler. This Motion is based upon the attached points and authorities, the Declaration in Support and any oral argument that this Court may permit.

DATED this 16 day of April, 2013.

BRIAN D. SHAPIRO, TRUSTEE

-1-

## MEMORANDUM OF POINTS AND AUTHORITIES

I. **Statement of Facts**

1. On January 31, 2013 Debtors filed a Chapter 7 Bankruptcy Proceeding. See generally, Declaration of Brian D. Shapiro in Support.

2. Brian D. Shapiro was appointed to serve as the Chapter 7 Trustee. Id.

3. The §341 meeting of creditors was concluded on March 4, 2013. Id.

4. At the conclusion of the §341 meeting of creditors, the Trustee requested copies of the Debtors date of filing bank statements for their Wells Fargo, and Bank of America accounts. Id.

5. Following the §341 meeting of creditors, Debtors provided the Trustee with the requested date of filing bank statements. Id.

6. On the date of filing, Debtors had a Wells Fargo acct. ending #0254 balance of $3,850.29. Id. A copy of the redacted bank date of filing bank statement is attached to the Declaration of Brian D. Shapiro in Support as EXHIBIT 1.

7. The Debtors amended their schedules on March 22, 2013 to disclose and exempt "Checking Account: Regular Checking - 0254" with a value of $3,850.29 and exempt the entire value of the refund utilizing two separate exemptions (Nev. Rev. Stat §21.090(1)(g) and Nev. Rev. Stat. §21.090(1)(z)). Id. A copy of the Debtors amended Schedule C is attached to the Declaration of Brian D. Shapiro in Support as EXHIBIT 2. Id.

8. Pursuant to the Debtors' amended Schedule C, attached to the Declaration in Support as EXHIBIT 2, the Debtors have claimed $1,055.71 of the "Financial Account: Individual Brokerage with Fidelity" as exempt pursuant to Nev. Rev.

Stat. §21.090(1)(z). Pursuant to a Fidelity statement provided by the Debtors, they owned 193 shares of IGT, and had cash holdings of $26.47 as of month ending December 31, 2012. On the date of filing, the IGT shares of stock held in "Financial Account: Individual Brokerage with Fidelity" traded at an adjusted close of $15.30, valuing Debtors portfolio at approximately $2,979.37. The value of the "Financial Account: Individual Brokerage with Fidelity", less the Debtors claimed exemption, results in $1,923.66 due for turnover to the Estate. Id. A copy of the redacted Fidelity account statements and Yahoo! Finance Historical Prices is attached to the Declaration of Brian D. Shapiro in Support as EXHIBIT 3.

9. Pursuant to the Fidelity statement provided by the Debtors, and as attached to the Declaration of Brian D. Shapiro in Support as EXHIBIT 3, the Debtors also hold an IGT Stock Option Plan, IGT Stock Purchase Plan, and IGT Restricted Stock Units. The Debtors have failed to disclose, and have further failed to exempt, the IGT Stock Option Plan, IGT Stock Purchase Plan, and IGT Restricted Stock Units. Id.

10. Pursuant to the Fidelity statement provided by the Debtors, and as attached to the Declaration of Brian D. Shapiro in Support as EXHIBIT 3, the IGT Stock Option Plan, and the IGT Stock Purchase Plan had a $0.00 value. The IGT Restricted Stock Unit plan had a value of $7,510.10 as of the month ending December 31, 2012, leaving the full balance non-exempt and due for turnover to the Estate. Id.

11. Pursuant to the Debtors' amended Schedule B, the Debtors are in possession of a 2009 Carson Car Hauler with a disclosed value of $400.00. The Debtors have not

claimed any exemptions towards the 2009 Carson Car Hauler resulting in $400.00 of non-exempt equity due for turnover to the Estate. Alternatively, the 2009 Carson Car Hauler is due for turnover to the Estate to be liquidated by the Trustee. Id.

12. The bar date originally set by the Court to file a complaint objecting to Debtor's discharge is May 3, 2013. Id.

## II. Legal Argument

### 1. Objection to Exemption in "Checking Account: Regular Checking - 0254"

As set forth above, on the date of filing, Debtors had a Wells Fargo acct. ending #0254 balance of $3,850.29. The value of the exemption claimed by the Debtors is not calculated correctly. Accordingly, Debtors should amend Schedules C to reflect the correct value of the exemption and turnover the non-exempt portion to the Trustee.

11 U.S.C. § 522(l) directs debtors to file a claim of exemptions of property they desire to protect and provides, in pertinent part:

> The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section… Unless a party in interest objects, the property claim as exempt on such a list is exempt.

Further, Bankruptcy Rule 4003 sets forth procedures for claiming exemptions and objection to exemptions. It provides, in subsection (b):

> … a party in interest may file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held upon §341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later. The court may, for cause, extend the time for filing objections if, before the time to object expires, a party in interest files a request for an extension.

In this case, the Debtors amended their Schedule B and C on March 22, 2013. As a result of the filing of this objection, the objection was timely filed.

-4-

The party objecting to an exemption claim has the burden of proving that the exemption is not properly claimed. See In re Cerchione, 398 B.R. 699, 703 (Bankr. D. Idaho 2009). A party objecting to a claim of exemption has the initial burden to prove that the exemption is not properly claimed. Proof is required to rebut the presumption that the clamed exemption is valid.

Once the initial burden is met, the debtor must come forward with evidence to show the propriety of the claim of exemption. Despite the shifting burden, the ultimate burden of persuasion stays with the objecting party. See Carter v. Anderson (In re Carter), 182 F.3d 1027, 1029 n.3 (9th Cir 1999). The exemption statutes are to be liberally construed in favor of the debtor. See Dudley v. Anderson (In re Dudley), 249 F.3d 1170, 1176 (9th Cir. 2001). However, the language "… may not be 'tortured' in the guise of liberal construction." In re Wiley, 352 B.R. 716, 718 (Bankr. D. Idaho 2006).

The following property is exempt from execution, except as otherwise specifically provided in this section or required by federal law. NRS § 21.090(1)(g) states:

> For any workweek, 75 percent of the disposable earnings of a judgment debtor during that week, or 50 times the minimum hourly wage prescribed by section 6(a)(1) of the federal Fair Labor Standards Act of 1938, 29 U.S.C. § 206(a)(1), and in effect at the time the earnings are payable, whichever is greater. Except as otherwise provided in paragraphs (o), (s) and (t), the exemption provided in this paragraph does not apply in the case of any order of a court of competent jurisdiction for the support of any person, any order of a court of bankruptcy or of any debt due for any state or federal tax.

Additionally, the value of the property is determined according to the following standard in 11 U.S.C. §522 (a)(2):

> "value" means fair market value as of the date of the filing of the petition or, with respect to property that becomes property of the estate after such date, as of the date such property becomes property of the estate.

On the date of filing, the Checking Account: Regular Checking – 0254 had a balance of $3,850.29. Pursuant to Nev. Rev Stat. §21.090(1)(g), 75% is $2,887.72, not $2,906.00 as

currently stated on the Debtors amended Sch. C. The correctly computed exemption, in addition to the wildcard exemption claimed towards the Checking Account: Regular Checking – 0254, results in non-exempt equity due for turnover to the Estate of $18.28 (i.e. $3,850.29 - $2,887.72 - $944.29). The Trustee requests that the Debtors amend their schedules to list the correct value of the Nev. Rev. Stat. §21.090(1)(g) exemption (i.e. $2,887.72).

### III. Motion for Turnover of Checking Account: Regular Checking – 0254, Individual Brokerage with Fidelity, Fidelity IGT Restricted Stock Unit Plan, and 2009 Carson Car Hauler

As set forth above, the Debtor has failed to utilize the correct value of the Nev. Rev. Stat. §21.090(1)(g) exemption as it pertains to the Checking Account: Regular Checking – 0254. The Trustee requests the Court to order that the Checking Account: Regular Checking – 0254 ($3,850.29), less the correct value of the Nev. Rev. Stat. §21.090(1)(g) exemption (i.e. $2,887.72), less the wildcard exemption of $944.29, be turned over to the Trustee.

The Trustee further requests the Court to order Debtors to turn over the date of filing balance of the "Financial Account: Individual Brokerage with Fidelity" ($2,979.37), less the exemption claimed of $1,055.71, to the Trustee.

The Trustee further requests the Court to order Debtors to turn over the date of filing balance of the IGT Restricted Stock Unit plan (approximately $7,510.10), to the Trustee as the same is a non-disclosed, and non-exempt asset of the Estate.

Lastly, the Trustee requests the Court to order that the Debtors turn over $400.00 of non-exempt equity in the 2009 Carson Car Hauler, or alternatively, turnover of the 2009 Carson Car Hauler.

11 U.S.C. §541 compels an entity, in possession, custody or control of the property of the estate to turn the same over to the Trustee upon demand. Likewise, pursuant to 11.U.S.C. §521(c)(3), the Debtor is required to "surrender to the trustee all property of the estate…"

### IV. Conclusion

The Trustee respectfully requests, based upon due process, as well as the above referenced statutory law, that the Court deny the value of the exemption as stated herein and to order the immediate turnover of the non-exempt portion of the Checking Account: Regular Checking – 0254, the non-exempt portion of the Individual Brokerage with Fidelity, the full value of Fidelity IGT Restricted Stock Unit Plan, and the non-exempt value of the 2009 Carson Car Hauler, or alternatively, turnover of the 2009 Carson Car Hauler to be liquidated by the Trustee.

DATED this 16 day of April, 2013.

BRIAN D. SHAPIRO, TRUSTEE

# EXHIBIT 1

BRIAN D. SHAPIRO
Trustee in Bankruptcy
228 S. 4th Street, Ste. 300
Las Vegas, NV 89101
(702) 386-8600 Fax (702) 383-0994
trustee@trusteeshapiro.com

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In Re:<br><br>GILBERTT A. SAENZ<br>ARACELY SAENZ,<br><br>Debtor(s). | Chapter 7<br>Case No. 13-10824-LBR<br><br>[PROPOSED] ORDER GRANTING TRUSTEE'S OBJECTION TO EXEMPTION AND MOTION TO COMPEL TURNOVER OF NON-EXEMPT ASSETS<br><br>Hearing Date: May 16, 2013<br>Hearing Time: 11:00a.m. |

Brian D. Shapiro, Trustee having filed an Objection to Exemption and Motion to Compel Turnover of Non-Exempt Assets ("Objection"). The objection was heard on the above referenced date, before the United States Bankruptcy Court, District of Nevada; Brian D. Shapiro appearing, and no other party having appeared. The Court finding that notice of the motion was proper, having stated its findings of fact and conclusions of law on the record, good cause appearing, therefore, it is hereby:

ORDERED that the Court's findings of facts and conclusions of law as stated on the record are incorporated within this order as if fully stated herein. It is further

ORDERED that the Trustee's Objection to Debtors claimed exemption in the Checking Account: Regular Checking – 0254 is granted. It is further

ORDERED that within thirty (30) days of the entry of this order, the Debtors shall turnover $18.28 in non-exempt funds as a result of the Checking Account: Regular Checking – 0254 in the form of a certified check or money order, payable to Brian D. Shapiro, Trustee and delivered to 228 S. 4th Street, Ste. 300, Las Vegas, Nevada. It is further

ORDERED that within thirty (30) days of the entry of this order, the Debtors shall turnover the date of filing balance of the "Financial Account: Individual Brokerage with Fidelity" ($2,979.37), less the exemption claimed of $1,055.71, or $1,923.66 in the form of a certified check or money order, payable to Brian D. Shapiro, Trustee and delivered to 228 S. 4th Street, Ste. 300, Las Vegas, Nevada. It is further

ORDERED that within thirty (30) days of the entry of this order, the Debtors shall turn over the date of filing balance of the IGT Restricted Stock Unit plan (approximately $7,510.10) in the form of a certified check or money order, payable to Brian D. Shapiro, Trustee and delivered to 228 S. 4th Street, Ste. 300, Las Vegas, Nevada. It is further

ORDERED that within thirty (30) days of the entry of this order, the Debtors shall turn over $400.00 of non-exempt equity in the 2009 Carson Car Hauler in the form of a certified check or money order, payable to Brian D. Shapiro, Trustee and delivered to 228 S. 4th Street, Ste. 300, Las Vegas, Nevada, or alternatively, turnover of the 2009 Carson Car Hauler to be liquidated by the Estate.

Submitted by:

_____
BRIAN D. SHAPIRO, TRUSTEE

## ALTERNATIVE METHOD Re: RULE 9021

In accordance with LR 9021, counsel submitting this document certifies as follows:

_____ The court has waived the requirement of approval under LR 9021(b)(1).

_____ No party appeared at the hearing or filed an objection to the motion.

_____ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

__x__ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

Brian D. Shapiro

###

-3-